**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMAN ADES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 07-2612 (JLL) |
| ) | |
| v. ) | |
| ) | **OPINION** |
| THE WINE AND LIQUOR SALESMEN ) | |
| OF NEW JERSEY RETIREMENT FUND, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**LINARES**, District Judge.

This matter comes before the Court on the motion for summary judgment filed by Defendants The Wine and Liquor Salesman of New Jersey Retirement Fund (the "Retirement Fund") and Thomas Deregibus, Myron Feldman, August Longo, and Leonard Richman, as Trustees of the Retirement Fund. Plaintiff Norman Ades commenced this action asserting two claims: a claim alleging a prohibited transaction by the Trustees of the Retirement Fund pursuant to 29 U.S.C. §§ 1106(a)(1)(D) and (b)(1), and a claim for unlawful denial of pension benefits. This Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Defendants' motion for summary judgment is granted in part and denied in part.

## BACKGROUND

Most of the facts in this case are not disputed.  Mr. Ades is a member of Local 19D, Wine and Liquor Salesmen of New Jersey. (Defs.' Stmt. of Undisputed Mat'l Facts ¶ 1 [hereinafter "Defs.'s Stmt. of Facts"].)  He was employed in the liquor industry since 1959. (Id.)  Mr. Ades was born in December 1935 and began receiving pension benefits of $1,200 per month beginning in December 1, 2004. (Id. at ¶¶ 6, 8.)  Prior to December 1, 2004, participants sixty five or over were unable to collect benefits if they continued to work in the industry. (Compl. ¶ 8.)[1]  Therefore, Mr. Ades, who continued to work, was told that he was not eligible for benefits before December 1, 2004.

On April 25, 2005, Mr. Ades wrote to the Retirement Fund asking about the pension benefits received by two Retirement Fund Trustees, Mr. Richman and Mr. Longo. (Id. at ¶ 11.) In addition to being Trustees of the Retirement Fund, Mr. Richman and Mr. Longo also served as officers of Local 19D. (Id. at 10.)  They continued to be employed by a union after they began receiving their pension benefits. (Id.)   Mr. Ades believed he was similarly situated to Mr. Richman and Mr. Longo, asserting that they all continued to be employed in the industry.   (Id. at ¶ 13.)  Based on this belief, he requested retroactive benefits for "the two (2) years between his reaching 65 years of age, and December 1, 2004." (Id. at ¶ 11.)  His request was denied by the Trustees, including Mr. Richman and Mr. Longo. (Defs.'s Stmt. of Facts ¶¶ 9-10.)

On September 1, 2002, when Mr. Longo began receiving his pension, he was sixty five

---

[1] Plaintiff does not provide a cite supporting that this "new rule" went into effect on December 1, 2004.  However, neither party disputes that Mr. Ades was eligible for his pension from this date.

and "no contributions were being made to the Plan on his behalf by his employer." (Defs.'s Mem. of Law in Supp. of its Mot. for Summ. J. at 10 [hereinafter "Defs.'s Summ. J. Mem."].) Defendants assert that at that time Mr. Longo "had ceased all work in the industry." (Id.) On September 1, 2002, when Mr. Richman began receiving early retirement benefits, he "had not attained age 65," and "no contributions were being made to the Plan on his behalf by his employer." (Id.) Defendants also assert that at that time Mr. Richman "had ceased all work in the industry." (Id.) The parties appear to agree that Mr. Richman's and Mr. Longo's benefit eligibility was determined according to the Plan in effect January 1, 1993 (the "1993 Plan") as updated by amendments 1 to 6.[2] (See Defs.'s Ltr. Br. in Reply to Pltf.'s Br. in Opp'n at 1.)

The Defendants in this case are the Retirement Fund and the Trustees of the Fund at the time Mr. Ades applied for his pension benefits. (Id. at ¶ 2.) The Retirement Fund is a plan governed by the Employee Retirement Income Security Act ("ERISA"). (Id. at 3.) The Plan dated October 1, 2003, (the "2003 Plan") was in effect when Mr. Ades pension eligibility was determined by the Retirement Fund. The 2003 Plan provides that "the Trustees shall administer the Plan in accordance with its terms and shall have the power and discretion to construe the terms of the Plan and to determine all questions arising in connection with the administration, interpretation, and application of the Plan." (Defs.'s Summ. J. Mem., Ex. 1, 2003 Plan at 33.) On the other hand, the 1993 Plan provided that "[t]he Trustees shall have the responsibility for administering the Pension Plan as a fiduciary and making determinations as to its effective

---

[2] Defendants only provide the Plan effective October 1, 2003. Plaintiff provides the January 1, 1993 Plan including Amendments 4 to 6. Therefore, since Defendants referenced the Amendments but did not provide Amendments 1 to 3, this Court assumes that these amendments are not relevant for purposes of this motion.

application. They shall, in such administration, act in accordance with the terms and provisions of the Agreement and Declaration of Trust." (Br. on Behalf of Pltf. Norman Ades in Opp'n to Defs's Mot. for Summ. J. [hereinafter "Pltf.'s Opp'n"], Ex. I, 1993 Plan at 34.)

With respect to the benefits awarded to Mr. Richman and Mr. Longo, Article III ("Eligibility for Retirement") of the 1993 Plan provides: "An Employee who is eligible to retire shall be retired on a pension provided: . . . (c) he ceases all work in the Industry within the area for which credits under the Plan are earned." (Id. at 13.) Amendment 4 of the 1993 Plan, effective October 1, 2000, defined "industry" as "any type of work covered by the Collective Bargaining Agreement whether or not contributions are made to the Fund by the Participant's Employer. For the purpose of the Plan, the Industry shall also include work as an Employee of the Union." (Id. at 41.)

Mr. Ades filed the present claim asserting that the payment of benefits to Mr. Richman and Mr. Longo beginning in September 2002 were improper transactions under ERISA. He also claims that if Mr. Longo and Mr. Richman received benefits despite the fact that they worked for the union then he is owed additional benefits under the Plan.

## LEGAL STANDARDS

### A.     Summary Judgment Standard

A court shall grant summary judgment under Rule 59(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." On a summary judgment motion, the moving party first must show that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. The non-moving party must offer specific facts that establish a genuine issue of material fact; the non-moving party may not simply rely on unsupported assertions, bare allegations, or speculation. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). Also, the Court must consider all facts presented and the reasonable inferences drawn from them in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

B.     Standard of Review Under ERISA

An ERISA benefits denial is reviewed using a de novo standard of review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Where the administrator is vested with discretionary authority, "a deferential standard of review [is] appropriate;" a reviewing court is limited to determining whether the administrator abused its discretion. Metro. Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2348 (2008) (quoting Firestone, 489 U.S. at 115). However, where there is evidence of conflict or bias by the administrator, such evidence may play an important role in determining whether the administrator abused his discretion. Id. at 2351. In the Third Circuit, "[u]nder the arbitrary and capricious (or abuse of discretion) standard of review, the district court may overturn a decision of the Plan administrator only if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." Abnathya v. Hoffmann-La Roche, Inc., 2 F.3d 40, 45 (3d Cir. 1993) (internal quotations omitted). If the plan language is plain, then "actions taken by the plan administrator

inconsistent with [those] terms . . . are arbitrary." Bill Gray Enters. v. Gourley, 248 F.3d 206, 218 (3d Cir. 2001).

## DISCUSSION

### A.     Claim of Prohibited Transaction under § 1106(a)(1)(D) and (b)(1)

Mr. Ades asserts that "[t]he transfer of early pension benefits to Richman and Longo constituted a prohibited transaction by the Trustees under ERISA." (Compl. ¶ 17.) For relief, Mr. Ades seeks an order requiring Defendants to reimburse the Retirement Fund for the allegedly improper pension distributions. Defendants did not provide any arguments in their motion specifically addressing this claim. Section 1106 ("Prohibited Transactions") provides:

> a) Transactions between plan and party in interest. Except as provided in section 408 [29 USCS § 1108]:
> 
>    (1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect– . . .
> 
>     (D) transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan; . . .
> * * *
> (b) Transactions between plan and fiduciary. A fiduciary with respect to a plan shall not–
> 
>    (1) deal with the assets of the plan in his own interest or for his own account, . . .

29 U.S.C. § 1106. Thus, the question is whether Defendants have demonstrated that there are no disputed material facts with regard to whether the payment of benefits to Mr. Richman and Mr. Longo, who were acting as Trustees at the time the Trustees voted to provide them benefits, were proper, and if not, whether the provision of improper benefits by Trustees to themselves is a prohibited transaction under § 1106.

With their motion, Defendants submitted a letter from their expert, David R. DeRyder. (Defs.'s Summ. J. Mem., Ex. Ltr. from David R. DeRyder dated Feb. 5, 2008).  Mr. DeRyder states that Mr. Long and Mr. Richman correctly received benefits beginning September 1, 2002, because "they ceased employment with U.F.C.W. Local 19D and commenced employment with U.F.C.W. Local 2-D . . . [, and] U.F.C.W. 2-D does not contribute to the Plan on behalf of [its] employees." (Id.)  The letter states that he based his opinions on the 2003 Plan. (Id.)  Given that Defendants concede in their reply brief that Mr. Richardson's, and so also Mr. Longo's, benefits were based on the 1993 Plan as amended, this Court finds that Mr. DeRyder's opinion is based on analysis of the incorrect Plan and so accords it no weight.

As noted above, the 1993 Plan provides that "[a]n Employee who is eligible to retire shall be retired on a pension provided: . . . (c) he ceases all work in the Industry within the area for which credits under the Plan are earned."  Industry is defined in Amendment 4 of the 1993 Plan, effective October 1, 2000, as "any type of work covered by the Collective Bargaining Agreement whether or not contributions are made to the Fund by the Participant's Employer.  For the purpose of the Plan, the Industry shall also include work as an Employee of the Union."  At the time that Mr. Richman and Mr. Longo began receiving their pension benefits they were employed by a union.

Defendants argue that any interpretation of the Plan by the Retirement Fund should be reviewed under an abuse of discretion standard.  In making this argument, they refer to the language in the 2003 Plan which states that the Trustees "shall have the power and discretion to construe the terms of the Plan and to determine all questions arising in connection with the

administration, interpretation, and application of the Plan." This language differs from that in the 1993 Plan. However, although Mr. Richman and Mr. Longo do not appear to have been eligible for benefits based on the language of the 1993 Plan as amended based on the information provided to this Court for purposes of this motion, this Court finds that the information provided is insufficient to fully evaluate the Retirement Fund's interpretation. Not only are some referenced documents, such as the Collective Bargaining Agreement, not provided, but the Court also was provided with incomplete information regarding the basis for the Retirement Fund's decision–it is unclear what information was considered in making the decision in 2002 (as opposed to a post hoc analysis of the appropriateness of benefits). Therefore, because there is insufficient information to review the Retirement Fund's interpretation of the Plan in granting benefits to Mr. Richman and Mr. Longo, it is unnecessary at this point to determine the appropriate standard of review to apply to its interpretation.

Because the information provided to the Court for this motion is insufficient to evaluate Mr. Richman and Mr. Longo's eligibility for benefits, the Court also is unable to determine at this stage whether the Trustees, including Mr. Richman and Mr. Longo, engaged in a prohibited transaction in the award of the benefits. Therefore, Defendants' motion for summary judgment on this claim is denied.

**B.     Claim for ERISA Benefits under § 1132(a)(1)(B)**

Mr. Ades' claim for benefits is not based on an interpretation of the Plan.[3] His claim for

---

[3] Because he is arguing that he was eligible for benefits prior to October 2003, presumably the 1993 Plan as amended is the governing plan for his claim. The parties do not clearly address which plan should be used to evaluate Mr. Ades claim for retroactive benefits.

benefits is based on his belief that he is similarly situated to Mr. Richman and Mr. Longo, and his argument that if they received benefits then he should too. If the question before the Court was interpretation of an ambiguous term in the Plan, then inconsistent treatment by the Retirement Fund would be a factor to consider in determining if the Retirement Fund abused its discretion in denying Mr. Ades retroactive benefits. But, Mr. Ades does not claim that the Plan was incorrectly interpreted with respect to his personal facts; he does not argue that he was not "work[ing] in the Industry" at any relevant point. His arguments focus on Mr. Richman. He argues that the payments beginning in September 2002 were improper. Thus, he essentially argues that if the Retirement Fund can disregard Plan language requiring that a beneficiary cease working in the industry with respect to benefits for Mr. Richman and Mr. Longo, then the same rule should apply to him.

Claims by a participant or beneficiary "to recover benefits due to him *under the terms of his plan*, to enforce his rights *under the terms of the plan*, or to clarify his rights to future benefits *under the terms of the plan*" fall within the civil enforcement provisions of ERISA. Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 271-72 (3d Cir. 2001) (quoting 29 U.S.C. § 1132(a)(1)(B)) (emphasis added). This Court finds that Mr. Ades is not making a proper claim for benefits under § 1132(a)(1)(B); he is not seeking to enforce the terms of the Plan or recover benefits due him under the terms of the Plan. He is seeking to rewrite the Plan based on the allegedly improper benefits Mr. Richman and Mr. Longo paid to themselves. He cites no law to support that this type of claim falls within the civil enforcement provisions of § 1132(a)(1)(B) as opposed to a claim of

---

However, for the reasons discussed in this section, it is unnecessary for the Court to resolve this issue.

a prohibited transaction (which he makes) or a breach of fiduciary duty (which he does not). Therefore, this Court grants Defendants' motion for summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, this Court denies Defendants' motion for summary judgment for Mr. Ades' claim of a prohibited transaction by the Trustees pursuant to § 1106 and grants its motion for summary judgment with respect to Mr. Ades' claim for benefits pursuant to § 1132(a)(1)(B). An appropriate Order accompanies this Opinion.

DATED: March 27, 2009              /s/ Jose L. Linares
                                   JOSE L. LINARES
                                   UNITED STATES DISTRICT JUDGE